UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEVIN T. JOHNSON                                    CIVIL ACTION

VERSUS                                              NUMBER: 09-2516

PARISH OF JEFFERSON, ET AL.                         SECTION: "B"(1)

## ORDER AND REASONS

State Court inmate and *pro se* plaintiff, Kevin T. Johnson filed an Objection, Record Document No. 7, to the Magistrate Judge's Report and Recommendation, Record Document No. 5. For the following reasons, the instant objections are overruled and the Court adopts the Magistrate's Report and Recommendation.

**Facts of Case**:

This case arises from an allegation of judicial misconduct by the Louisiana Fifth Circuit Court of Appeal judges in regards to that state intermediate court's handling of *pro se* writ applications. The issue surfaced in a letter written by Jerrold Peterson, the former Central Staff Director of the Louisiana Fifth Circuit Court of Appeal, shortly before his suicide. Peterson's letter stated:

> [F]or the past 10 years, not one criminal writ application filed by an inmate pro se has been reviewed by a Judge of this Court. I prepared the ruling on each of those writ applications, and they were signed by a Judge without so much as a glance at the application. ... When the pro se writ applications arrived in the mail, I opened it, prepared the ruling, and sent it to the Central Staff Office for filing (Rec. Doc. 4, Letter).

Once this letter became public, state prisoners claimed a violation of their constitutional rights by the Louisiana Fifth Circuit Court Appeal. Johnson filed his writ application during this same period and was denied. The state Court granted Johnson's request to re-review. He opposes allowing the re-review to be conducted by the Louisiana Fifth Circuit Court of Appeal.

Johnson argues that the actions of the state court here are not normal judicial functions, which he defines as the resolution of a dispute between parties who have invoked the jurisdiction of the Court, i.e. adjudication. *Forrester v. White*, 484 U.S. 219 (1988). He claims the process of handling writ applications are procedural and administrative rules, not adjudications on cases.

The Louisiana Constitution provides that each state Court of Appeal "shall sit in panels of at least three judges selected according to rules adopted by the Court." La. Const. art. V, § 8(A)). In 1994, the Louisiana Fifth Circuit Court of Appeal agreed to a procedure to address this constitutional mandate. The minutes from the en banc meeting of the Court's judges provide:

> Effective immediately, Judge Dufresne will handle all *pro se* writ applications and will not be included in the handling of regular writ applications. Special or unusual *pro se* applications will be submitted to a regular panel.(Rec. Doc. 4, Exhibit 1).

The action taken by a court on a parties' pleading, including writ applications to review a lower court's ruling, is an action normally performed by judges as well as one that should be expected by the parties, since the action was completed in the judge's judicial capacity. See *Stump v. Sparkman*, 435 U.S. 349,356 (1978). "Judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Harper v. Merckle*, 638 F.2d 848, 856 n.9 (5th Cir. 1981).

Court employees who act under the explicit instructions of a judge "acts as the arm of the judge and comes with his absolute immunity," even if the employees act "in bad faith or with malice." *Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980). *Mitchell v. McBryde*, 944 F.2d 229, 230-31 (5th Cir. 1991). Further, monetary relief is unavailable here because claims against defendants in their individual capacity would be claims against the State itself and barred by the Eleventh Amendment.

As to the Plaintiff's request for declaratory relief, that claim is actually a challenge to Plaintiff's confinement. Such a challenge is properly addressed in a *habeas corpus* proceeding and not a federal civil rights action. As such, complete exhaustion of available state court remedies is required. Plaintiff's request to enjoin further action by the Louisiana Fifth Circuit is unwarranted

and mooted by decisions of the Louisiana Supreme Court. See, *State ex rel Johnson v. State*, 796 So.2d 674 (La 2001); *State v. Cordero*, 993 So. 2d 203, 214 (La. 2008); *Cf. Addison v. State of LA*, CA 08-03530 (E.D. LA. 2008); *Severin v. Parish*, No. 09-2766, 2008 WL 1107713 (E.D. LA. Apr. 23, 2009).

Plaintiff asserts claims under state law pursuant to La. Const. art. 1 § 22. The Court declines to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3). *Bass v. Parkwood Hospital*, 180 F. 3d 234, 246 (5th Cir. 1999).

Accordingly, the instant § 1983 claims are **DISMISSED** with prejudice; to the extent said claims could be construed as §2254 claims for habeas relief, they are **DISMISSED** without prejudice; and the state claims asserted here are **DISMISSED** without prejudice.

New Orleans, Louisiana, this 19th day of June, 2009.

_____
UNITED STATES DISTRICT JUDGE